IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAKA A. MATTHEWS, | : | |
| | : | 4:08-cv-964 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| SERGEANT VILLELLA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

### **June 9, 2011**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 175), filed on May 18, 2010, which recommends that the Defendants' Motion for Summary Judgment (Doc. 136) be granted and that this case be closed.[1]  No objections to the R&R have been filed by any party.[2]  For the reasons set forth below, the Court will adopt the R&R.

---

[1] Magistrate Judge Blewitt also recommends that Plaintiff's Motion for Summary Judgment (Doc. 137) be denied.

[2] Objections were due by June 6, 2011.

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  Thomas v. Arn, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

II. **BACKGROUND**

The full procedural background of this matter was recounted in detail by Magistrate Judge Blewitt within the R&R. Inasmuch as we are writing for the benefit of the parties, and are attaching a copy of the R&R to this Memorandum, we shall not endeavor to recite the same herein.

Plaintiff's sole remaining claim in this action is a Fourth Amendment excessive force claim against Defendant Sergeant Villella ("Sgt. Villella") arising out of an incident that took place while Plaintiff was incarcerated in the Restricted Housing ("RHU") at the State Correctional Institution at Waymart ("SCI-Waymart"). Specifically, Plaintiff claims that Sgt. Villella assaulted his hands with a billy club while he was handcuffed and had his hands placed through the wicket of his cell door. Plaintiff claims that his pointer finger was "smashed" by the incident, which flared up a prior injury to his finger.

In his prayer for relief, Plaintiff seeks monetary (compensatory and punitive), declaratory and injunctive relief, as well as criminal charges to be filed against Sgt. Villella. He also seeks a declaration that the Sgt. Villella violated his Eighth Amendment rights and an injunction terminating Sgt. Villella's employment.

## III. DISCUSSION

Magistrate Judge Blewitt recommends that the Defendant's Motion for Summary Judgment be granted, and that judgment be granted in favor of the Defendant, because Plaintiff failed to exhaust his administrative remedies with respect to his Eighth Amendment claim. In drawing this conclusion, Magistrate Judge Blewitt notes that the undisputed evidence shows that Plaintiff did not timely file his final appeal in the administrative scheme regarding his excessive force claim

against Sgt. Villella.  We agree with Magistrate Judge Blewitt's review of the record.  It is well established that Plaintiff was required to exhaust his administrative remedies before he filed the instant action, and that he did not do so. *See Walker v. Health Services, Lewisburg Penitentiary*, 2007 WL 1395361, *3 (M.D. Pa.).  Accordingly summary judgment shall be awarded in favor in Defendant.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.  An appropriate Order shall issue.